■ GALEN TECHNOLOGY SOLUTIONS, INC., Appellant, v VECTORMAX CORPORATION, Respondent. [967 NYS2d 327]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 11, 2012, which, to the extent appealed from, denied plaintiff's motion pursuant to CPLR 5228 for the appointment of a receiver to take possession of four patents owned by defendant, unanimously affirmed, with costs.

In October 2009, plaintiff, a search and consulting firm that had provided services to defendant, VectorMAX Corporation, obtained a judgment against VectorMAX, which develops video streaming software, used by, among others, Time Warner Cable. VectorMAX has paid approximately half of the judgment, leaving a balance of about $175,000.

The motion court properly exercised its discretion in declining to appoint a receiver to take possession of and sell four patents held by VectorMAX (*see Hotel 71 Mezz Lender LLC v Falor*, 14 NY3d 303, 317 [2010]). Plaintiff failed to demonstrate

a "special reason" to justify the appointment of a receiver (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5228:1 at 324). Plaintiff failed to show that it had exhausted all its alternative remedies, since it took no action to collect its judgment, other than serving restraining notices and information subpoenas. There was no showing that a receivership would increase the likelihood that the judgment would be satisfied, since plaintiff has not demonstrated the value or marketability of the four patents and whether their sale would be sufficient to cover the remainder of its judgment. Moreover, the sale of the four patents would likely jeopardize defendant's operations, run the risk of insolvency, thereby preventing it from paying any of its creditors, including plaintiff. Finally, plaintiff did not show a risk of fraud or insolvency if a receiver is not appointed, since there was no showing that defendant acted fraudulently. Further, appointing a receiver and selling the four patents could create a risk of insolvency, which receivership was designed to avoid (*see Hotel 71 Mezz Lender LLC v Falor*, 14 NY3d at 317). The court could also take into consideration that plaintiff's application was opposed by another judgment creditor who filed a lien encumbering the four patents after plaintiff sought appointment of a receiver.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Richter and Clark, JJ.